**UNITED STATES of America, Appellee,**

v.

**Merlyn DYKSTRA, Appellant.**

**No. 92–2071.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1992.

Decided April 13, 1993.

Jeffrey A. Neary, Sioux City, IA, argued, for appellant.

Michael E. Karam, Washington, DC, argued (James A. Bruton, Robert E. Lindsay, Alen Hechtkopf and Michael E. Karam, on the brief), for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Merlyn Dykstra was convicted by a jury of one count of willfully filing a false individual income tax return, 26 U.S.C. § 7206(2), three counts of willfully filing false tax documents, 26 U.S.C. § 7206(1), and one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue laws, 26 U.S.C. § 7212(a), and was sentenced to twenty-one months imprisonment. Appellant now asserts numerous challenges to his conviction, including his claim that three instructions were improperly given, that the evidence was insufficient to establish the statutory element of "willfulness" under § 7206(1) or the element of "corruptness" under § 7212(a), and finally that the district court failed to apply the proper sentencing guidelines. We affirm.

Appellant did not file income tax returns for the years 1977 through 1980 and he was assessed by the Internal Revenue Service (IRS) for the unpaid taxes and penalties. When his tax liability remained unpaid, his residence was ultimately seized, a deed was issued in favor of the United States, and the Department of Justice filed a complaint in federal district court to quiet title and to evict appellant from the property.

During these legal proceedings, appellant purchased a "redemption program" from Roger Elvick for $200.00 and became involved in a retaliation scheme against several internal revenue officials, a U.S. Marshall, two federal district court judges and many other individuals who played a part in the tax assessment, levy and collection process. Appellant also directed the scheme against Neil Bartholomew, a bank employee who relinquished appellant's funds to the IRS and against Harold De-Jager, Mrs. Dykstra's former employer.

Basically, the scheme involved sending each individual a 1099–MISC Form, indicating that appellant had paid these individuals nonemployee compensation, when in fact none of the recipients ever had any financial dealings with appellant or received any money from him. The next step in the scheme was then to notify the IRS that these individuals had received nonemployee compensation and had failed to pay their taxes, information for which appellant requested a reward from the IRS.

At trial, appellant contended that he lacked the requisite criminal intent for the charged offenses. He claimed that he had a "good-faith" belief in the legitimacy of the "redemption program," as a vehicle for saving his house. Appellant further as-

serted his belief that the collection of taxes is unconstitutional, that taxes are voluntary and that the Sixteenth Amendment was not properly ratified. He admitted that he did not consult an attorney, an accountant, or the IRS in making this determination.

On appeal, appellant first argues that Instruction 6, as well as the indictment, impermissibly included actions by him against "non-governmental officials or employees" as conduct violating § 7212(a), when according to the appellant, § 7212(a) applies only to actions taken against officers or employees of the United States. Therefore, he asserts that sending these documents to two individuals who had no connection with the government (Harold DeJager and Neil Bartholomew) were not criminal acts under the statute. Section 7212(a) provides that:

> Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, *or in any other way corruptly* or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or *endeavors to obstruct or impede, the due administration of this title*

shall be subject to fines or imprisonment. 26 U.S.C. § 7212(a) (emphasis added). Appellant was charged under the second clause of the statute, the so-called "omnibus clause," which prohibits "in any other way corruptly ... obstruct[ing] or imped[ing] ... the due administration" of the tax laws.[1]

Appellant's challenge to Instruction 6 is without merit. The omnibus clause of § 7212(a) "conspicuously omits the requirement that conduct be directed at 'an officer or employee of the United States government.'" *United States v. Popkin*, 943 F.2d 1535, 1539 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1760, 118 L.Ed.2d 423 (1992). Because appellant was

charged under the omnibus provision of the statute, Instruction 6 properly referred to appellant's acts against victims who were not government officials or employees involved in the administration of the Internal Revenue laws.

Appellant was also convicted of willfully filing false tax documents in violation of 26 U.S.C. § 7206(1). On appeal he argues that the inclusion of "deliberate ignorance," or "willful blindness," language in Instruction 14, with respect to the willfulness element of § 7206(1), was improper in light of *Cheek v. United States*, 498 U.S. 192, 203, 111 S.Ct. 604, 611, 112 L.Ed.2d 617 (1991) ("forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision"). Instruction 14 provided in part, "[t]he element of willfulness is satisfied if the defendant deliberately closed his eyes to what would have otherwise been obvious to him."

Appellant's argument has already been considered and rejected by this court in *United States v. Bussey*, 942 F.2d 1241, 1249 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1936, 118 L.Ed.2d 542 (1992). The *Bussey* court found the defendant's reliance on *Cheek* to challenge a willful blindness instruction was "seriously misplaced." As the court pointed out, "*Cheek* did not involve a willful blindness instruction and is therefore irrelevant to Bussey's willful blindness issue on appeal."

The appellant also relies upon *Cheek* for his argument that Instruction 15 unconstitutionally forbade the jury from considering appellant's subjective beliefs, even if irrational, regarding the validity of the tax laws. The last paragraph of Instruction 15 provided:

> I point out to you, however, that neither defendant's disagreement with the law nor his personal belief that such law is unconstitutional, no matter how earnestly he holds those views, can constitute the defense of good faith misunderstand-

---

**1.** Count 5 of the indictment charged appellant with "corruptly endeavor[ing] to obstruct or impede the due administration of the internal revenue laws" by participating in the retaliation scheme against the "employees of the Internal Revenue Service and others."

ing or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.

Appellant again relies on the passage from *Cheek* that provides, "it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty." *Cheek, supra,* 498 U.S. at 203, 111 S.Ct. at 611. Appellant contends that *Cheek* stands for the proposition that a personal belief, whether rational or irrational, must be considered by the jury as part of a good faith defense. He contends that Instruction 15, in contravention of *Cheek,* directs the jury to disregard his subjective beliefs.

*Cheek*'s holding, however, has two separate components. First, the Court held that where "there is no claim that the provision at issue is invalid," the standard is whether the taxpayer had a good-faith belief he had no duty under the tax laws. *Id.* 498 U.S. at 201–04, 111 S.Ct. at 610–11. Under these circumstances, the taxpayer's subjective beliefs regarding his "ignorance of the law" or his "misunderstanding of the law" is a question for the jury. *Id.* 498 U.S. at 203, 111 S.Ct. at 611. However, the Court also held,

> Claims that some of the provisions of the tax code are unconstitutional are submissions of a different order. They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable.

*Id.* 498 U.S. at 205–06, 111 S.Ct. at 612–13 (footnote omitted). The Court concluded that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness." *Id.* 498 U.S. at 206, 111 S.Ct. at 613. Accordingly, Instruction 15 was properly submitted.

■ Appellant next contends that the government's evidence of "willfulness" with respect to his conviction under 26 U.S.C. § 7206(1) (filing false tax documents) and its evidence of "corruptness" with respect to his conviction under 26

U.S.C. § 7212(a) (endeavoring to obstruct the administration of the internal revenue laws) was insufficient to support guilty verdicts. Statutory willfulness, in the context of criminal tax prosecutions, means a voluntary, intentional violation of a known legal duty. *Cheek, supra,* 498 U.S. at 200, 111 S.Ct. at 610.

Appellant ignores the overwhelming evidence that he acted willfully and corruptly. There is no evidence to dispute the finding that appellant acted voluntarily and intentionally in filing the false tax return and tax forms. He voluntarily made the decision to purchase and use Roger Elvick's "redemption program," and he admitted that he did not pay any of the purported recipients any of the amounts reflected on the 1099 Forms. Because he knew he never paid the individuals, he could not have believed that the forms, which he signed under penalties of perjury, were in fact true and correct.

The evidence also established that appellant acted corruptly in pursuing the retaliation scheme, in violation of 26 U.S.C. § 7212(a). This court has defined "corruptly," in part, as "an effort to 'secure an unlawful advantage or benefit,' and, in particular, to secure a financial gain." *United States v. Yagow,* 953 F.2d 423, 427 (8th Cir.1992). The evidence here adequately demonstrates that appellant acted with the intent to secure an unwarranted financial gain for himself. He admitted that he employed the "redemption program" in order to keep his house from being taken. In addition, he sent applications for monetary rewards to the IRS for reporting alleged tax law violations by each of his victims. Thus, the evidence was more than sufficient for the jury to find that appellant's actions "reflect[ed] an effort to 'secure an unlawful advantage or benefit,' and, in particular, to secure a financial gain." *Id.*

■ Next, appellant argues that the district court erred in applying the general obstruction of justice guideline, U.S.S.G. § 2J1.2 (base offense level 12), in sentencing him for violation of 26 U.S.C. § 7212(a). Instead, the appellant argues that U.S.S.G. § 2A2.4 (obstructing or impeding officers, base offense level 6) is most appropriate for a § 7212(a) violation. We disagree.

As this court noted in *United States v. Williams*, 644 F.2d 696, 699 n. 11 (8th Cir.), *cert. denied*, 454 U.S. 841, 102 S.Ct. 150, 70 L.Ed.2d 124 (1981), "[t]he language and structure of § 7212 track part of certain federal obstruction of justice statutes, specifically 18 U.S.C. §§ 1503 and 1505 (1976)." In interpreting § 7212(a), courts have often resorted to the obstruction of justice provision of Title 18. *See, e.g., United States v. Mitchell*, 985 F.2d 1275, 1278 (4th Cir.1993); *United States v. Popkin, supra*, 943 F.2d at 1539–40); *United States v. Reeves*, 752 F.2d 995, 998–1001 (5th Cir.), *cert. denied*, 474 U.S. 834, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985).

Similar to 26 U.S.C. § 7212(a), a person is guilty of an offense under 18 U.S.C. § 1503 if he, *inter alia*, "corruptly, or by threats or force ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice." Section 1505 contains similar language prohibiting corrupt endeavors to influence, obstruct, or impede the due administration of the law under which any pending proceeding is being had before any federal department or agency. A violation of the omnibus clause of § 7212(a) is substantially the same as a violation of these portions of 18 U.S.C. §§ 1503 or 1505. Therefore, the district court did not err in applying section 2J1.2 as the most appropriate sentencing guideline.

▮ Finally, the appellant contends that the district court's application of the "official victim" upward adjustment under U.S.S.G. § 3A1.2(a) was erroneous. He asserts that the considerations set out in U.S.S.G. § 3A1.2(a) are already part of the elements of proof of an offense under § 7212(a), such that they have been taken into account by the appropriate sentencing guideline and its base offense level. U.S.S.G. § 3A1.2(a) provides a three-level upward adjustment to the base offense level if a victim of an offense was an official victim and "the offense of conviction was motivated by such status." Application Note 3 provides that this adjustment is not to be applied if the offense guideline specifically incorporates this factor.

Contrary to appellant's assertion, the appropriate sentencing guideline for the § 7212(a) violation did not account for the victims' official status. Neither the elements of the offense nor the applicable sentencing guideline incorporated the official status of the victims. Appellant was charged and convicted under the omnibus clause of § 7212(a), which, as discussed earlier, does not require that the prohibited conduct be directed toward a government officer or employee. *United States v. Popkin, supra*, 943 F.2d at 1539. Thus, the application of the "official victim" adjustment was not precluded. *See United States v. Citrowske*, 951 F.2d 899, 902 (8th Cir.1991) (application of § 3A1.2(a) appropriate in case involving similar retaliation scheme).

Based on the foregoing, the judgment of the district court is affirmed.