**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Thomas L. WILLIAMS, Defendant–
Appellant.**

**No. 93–10134.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1993.

Memorandum filed Nov. 5, 1993.

Decided Jan. 11, 1994.

Jeffrey L. Staniels, Asst. Federal Public Defender, Sacramento, CA, for defendant-appellant.

Mark J. McKeon, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.

## ORDER

The memorandum disposition filed November 5, 1993 is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Thomas Williams was convicted of threatening certain federal officials in violation of 18 U.S.C. § 115(a)(1)(B). After determining that the proper sentencing guideline was U.S.S.G. § 2A6.1 (threatening communications), the district judge adjusted Williams' offense level three points pursuant to U.S.S.G. § 3A1.2 because his offense involved an official victim. The issue presented is whether the district court erred in upwardly adjusting Williams' sentence for official victim status.

Williams argues that enhancement under U.S.S.G. § 3A1.2 constitutes improper double-counting, either because section 2A6.1 already incorporates the status of the victim in setting its base offense level or, in the alternative, because official victim status is an element of his underlying offense. Both of these contentions fail.

Williams was sentenced under section 2A6.1, a Chapter Two, Part A offense. The guideline commentary to section 3A1.2 reads:

> Do not apply this adjustment if the offense guideline specifically incorporates this factor. In most cases, the offenses to which subdivision (a) will apply will be from Chapter Two, Part A (Offenses Against the Person). *The only offense guideline in Chapter Two, Part A, that specifically incorporates this factor is § 2A2.4* (Obstructing or Impeding Officers).

U.S.S.G. § 3A1.2, comment. n. 3 (emphasis added). This commentary states in clear and simple language that the only offense in Chapter Two, Part A that cannot be enhanced by section 3A1.2 is section 2A2.4. Additionally, the guideline commentary to section 2A2.4 specifically excludes application of section 3A1.2, whereas section 2A6.1 does not. *See* U.S.S.G. § 2A2.4, comment. (n. 1). Thus, by its own terms, the application notes to section 3A1.2 expressly exclude enhance-

ment for official victim status only if section 2A2.4 is the guideline used to sentence the defendant. No similar exclusion exists for section 2A6.1.

The strength of this conclusion is buttressed by the recent Supreme Court decision in *Stinson v. United States,* —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). In *Stinson,* the Court stated that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* —— U.S. at ——, 113 S.Ct. at 1915. Thus, the guideline commentary is controlling in this case. Without evidence that section 2A6.1 specifically incorporates official victim status in its base offense level, it was not error to upwardly adjust three levels pursuant to U.S.S.G. § 3A1.2.

 Williams' second argument, that impermissible double-counting occurs because official victim status is an element of his underlying offense, similarly fails. This court recently held that the proper comparison to determine whether impermissible double-counting occurred is "between the applicable guidelines provisions, not between the guidelines provisions and the criminal code." *United States v. McAninch,* 994 F.2d 1380, 1385 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 394, 126 L.Ed.2d 342 (1993). *See also United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993) (Double-counting is permissible if it is possible to be sentenced under a particular guideline without having engaged in behavior that may be used to enhance the offense level.). No impermissible double-counting occurred in Williams' case.

It was not error to enhance Williams' offense level by three points pursuant to U.S.S.G. § 3A1.2.

**AFFIRMED.**