UNITED STATES of America, Appellee,

v.

Eric Jason FANN, Appellant.

No. 94–2791.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Nov. 23, 1994.

Bruce C. Houdek, Kansas City, MO, for appellant.

David DeTar Newbert, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

Eric Jason Fann pleaded guilty to threatening to take the life of President Bill Clinton, in violation of 18 U.S.C. § 871(a). The district court[1] sentenced him to 30 months imprisonment and three years supervised release. Fann appeals the district court's calculation of his sentence under the Sentencing Guidelines. We affirm Fann's sentence.

■ At sentencing, the district court set Fann's offense level at 12 under U.S.S.G. § 2A6.1 (threatening communications) and added three levels to Fann's base offense level because the offense involved an official victim. See U.S.S.G. § 3A1.2(a) (add 3 levels if victim was government officer or employee and offense of conviction was motivated by such status). Fann renews the argument he made below that enhancement under section 3A1.2(a) constitutes improper double-counting because official-victim status is an element of his offense. This argument fails. Nothing in section 3A1.2 or its commentary precludes the enhancement when an element of the offense is the victim's official status. Commentary to section 3A1.2 states that the adjustment may not be applied if the offense Guideline specifically incorporates the official-victim factor, but also states that the only Chapter Two offense specifically incorporating the factor is U.S.S.G. § 2A2.4 (obstructing or impeding officers). U.S.S.G. § 3A1.2, comment. (n.3). Section 2A6.1 does not specifically incorporate the official-victim factor, and the Sentencing Commission has recognized in commentary that the Guideline covers "a particularly wide range

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

of conduct and ... it is not possible to include all of the potentially relevant circumstances in the offense level." U.S.S.G. § 2A6.1, comment. (n. 1).

Case law analyzing the interaction between sections 2A6.1 and 3A1.2(a) further supports the conclusion that an official-victim enhancement may be assessed even if official-victim status is an element of the offense of conviction. *See United States v. Green*, 25 F.3d 206, 211 (3d Cir.1994) (application of § 3A1.2(a) to defendant convicted of threatening federal officer and family was not double-counting); *United States v. Williams*, 14 F.3d 30, 31–32 (9th Cir.1994) (per curiam) (same where defendant convicted of threatening federal officials); *see also United States v. Pacione*, 950 F.2d 1348, 1356 (7th Cir.1991) (because victim's official status not incorporated in § 2A6.1, § 3A1.2 adjustment necessary to reflect offense of threatening to assault federal officer), *cert. denied*, —— U.S. ——, 112 S.Ct. 3054, 120 L.Ed.2d 920 (1992). Fann's reliance on *United States v. Dykstra*, 991 F.2d 450 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 222, 126 L.Ed.2d 177 (1993), is misplaced. There, we upheld a section 3A1.2(a) enhancement in the case of a defendant convicted of corruptly endeavoring to obstruct the administration of Internal Revenue law, noting that neither the elements of the offense nor the applicable Guideline incorporated the official status of the victim. *Id.* at 454. We did not hold that section 3A1.2 may not be applied where, as here, the victim's official status is an element of the crime but is not addressed in the Guideline establishing the base offense level. *See United States v. McAninch*, 994 F.2d 1380, 1385 (9th Cir.) (relevant comparison in determining double-counting is between applicable Guidelines, not between Guidelines and criminal code), *cert. denied*, —— U.S. ——, 114 S.Ct. 394, 126 L.Ed.2d 342 (1993).

Fann also argues the district court erred in denying him a four-level reduction under U.S.S.G. § 2A6.1(b). A defendant earns this reduction if his offense did not involve conduct evidencing intent to carry out the threat, and if the offense involved a "single instance evidencing little or no deliberation." The district court concluded that

Fann's offense did not involve a single instance and showed deliberation. We agree. Fann communicated his threat on more than one occasion to different people; he communicated the threats over the telephone, in writing, in statements to the Secret Service, and in statements to the press; and he added and subtracted details as he issued his various statements.

Accordingly, we affirm.