**UNITED STATES of America, Appellee,**

v.

**Antonio COLE, Defendant–Appellant.**

**No. 859, Docket 97–1323.**

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1998.

Decided Jan. 14, 1998.

Joshua W. Nesbitt, Assistant United States Attorney (Thomas J. Maroney, United States Attorney, Northern District of New York), Albany, NY, for Appellee.

Lowell R. Siegel, Law Offices of Castillo and Siegel, Albany, NY, for Defendant-Appellant.

Before: JACOBS and LEVAL, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM.

Antonio Cole appeals from the sentence imposed by the United States District Court for the Northern District of New York (Kahn, *J.*), on Cole's plea of guilty to a one-count information charging him with mailing threatening communications, in violation of 18 U.S.C. § 876. Because the victims were government officers—the letters threatened to kill the President of the United States and Senator Alfonse D'Amato—the district court added three points to Cole's base offense level pursuant to U.S.S.G. § 3A1.2(a). Cole points out that his conduct did not cause any disruption of government operations, and argues that the three-level enhancement was improper because Application Note 2 to § 3A1.2(a) encourages an upward departure where the object of the threat is a high level

* Hon. Jacob Mishler of the United States District Court for the Eastern District of New York, sitting by designation.

official, such as the President or Vice President, "to reflect the potential disruption of the governmental function in such cases...." U.S.S.G. § 3A1.2, Application Note 2. Cole's argument confuses (i) the enhancement, which we conclude was properly added to his base offense level, with (ii) an upward departure, which may or may not be supportable on this record, but which the district court did not make.

Antonio Cole pleaded guilty to a one-count information charging him with mailing threatening communications. In August 1996, Cole mailed a letter from the Montgomery County Jail in Fonda, New York (where he was incarcerated on a parole violation), addressed to President Clinton, asserting that the President owed Cole $100,000, and threatening to kill the President, as well as U.S. Senator Alfonse D'Amato, unless the $100,000 was paid within five days. The letter was intercepted before it ever reached President Clinton's hands.

On September 24, 1996, a Secret Service agent interviewed Cole at the Montgomery County Jail. Cole stated that he was hired to commit acts of violence on behalf of the President. The $100,000 was evidently claimed as the fee for these services.[1] Cole conceded that he never met President Clinton, but expressed certainty that all of these orders emanated from the President. Cole also claimed to have stolen a car in Rochester, New York on March 23, 1996 and to have received a 9mm handgun; thereafter, he claimed, he drove to Cleveland and killed someone there. Pressed for details, Cole stared and told the agent he already knew all the details. He further claimed to have killed between one and ten persons. Cole accused President Clinton and Senator D'Amato, among others, of involvement in the conspiracy, and repeated his death threats.

At a second Secret Service interview in October 1996, Cole's statements were in the same vein. A third interview, this one conducted by the FBI, concerned Cole's threats against Senator D'Amato. Cole told the FBI agent that he had no intention of targeting D'Amato after his release, but stated that he would travel to Washington and kill the President, and that he expected to be killed in the process.

On April 25, 1997, Cole pleaded guilty pursuant to a written plea agreement in which the Government agreed to recommend a sentence at the lower end of the Guidelines range and to join with the defense in recommending mental health treatment for Cole. The parties stipulated that section 3A of the Sentencing Guidelines, which sets out victim-related adjustments, was inapplicable. That stipulation thus encompassed § 3A1.2(a), which provides for a three-level increase in the base offense level if the victim of the crime is a government officer or employee. The parties acknowledged, however, that their stipulations were not binding upon the district court, and the prosecution reserved the right to support any inconsistent determination of the probation department or the court.

At sentencing, the district court imposed the three-level enhancement under § 3A1.2(a), and sentenced Cole to, *inter alia,* 20 months of imprisonment.

### DISCUSSION

■ The applicability of a particular Sentencing Guideline, where the facts are not in dispute, is a question of law that we review *de novo. See, e.g., United States v. Spencer,* 129 F.3d 246, 252 (2d Cir.1997); *United States v. Zagari,* 111 F.3d 307, 323 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 445, 139 L.Ed.2d 381 (1997).

■ Cole contends that the district court should not have imposed the three-level enhancement under U.S.S.G. § 3A1.2(a), because his threats caused no disruption in governmental functioning. Section 3A1.2(a) of the Sentencing Guidelines provides:

If—

(a) the victim was a government officer or employee; a former government officer or employee; or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status; ...

---

1. When asked how he expects to get paid, Cole allowed, "I accept checks."

increase by 3 levels.

U.S.S.G. § 3A1.2(a). Application Note 2 to this section states:

> Certain high-level officials, *e.g.*, the President and Vice President, although covered by this section, do not represent the heartland of the conduct covered. An upward departure to reflect the potential disruption of the governmental function in such cases typically would be warranted.

U.S.S.G. § 3A1.2, Application Note 2. Relying on Application Note 2, Cole argues that (i) his threat, because it was directed against the President, does not fall within the Guideline; and (ii) because his threat caused no disruption in governmental functioning, no additional points are warranted.

We disagree. Cole misreads the advisory commentary to the Guidelines. The availability of the three-point enhancement does not depend on whether Cole's threats effected a potential or actual disruption in governmental functioning.

Section 3A1.2(a) imposes a three-level enhancement when the victims are government officers. Application Note 2 expressly states that the President and Vice President are "covered by this section." *See United States v. Fann*, 41 F.3d 1218, 1218 (8th Cir.1994) (approving application of three-level enhancement to defendant who threatened President's life). It is obvious that a Senator is a government officer as well.

Cole's argument confuses the appropriateness of the § 3A1.2(a) enhancement with the availability of a further upward departure, which is discussed and encouraged in Application Note 2 when the victim is a "high-level official[ ], e.g., the President and the Vice President." U.S.S.G. § 3A1.2(a), Application Note 2. Such an upward departure, as the Application Note states, is justified by the potential government disruption.

■ No issue of potential government disruption is presented here, because the district court confined itself to the imposition of the prescribed enhancement without undertaking any upward departure. The Application Note, which indicates that an *additional* upward departure will likely be warranted in the case of a crime against such high offi-cials, does not in any way limit or condition the court's duty to impose the three-point enhancement. As summarized by a panel of the Ninth Circuit: "Thus, under the guidelines currently in effect, if the President is a victim, the sentencing court *must* add three points to the offense level, and *may* depart upward beyond that." *United States v. McAninch*, 994 F.2d 1380, 1385 n. 6 (9th Cir.) (emphasis added), *cert. denied*, 510 U.S. 949, 114 S.Ct. 394, 126 L.Ed.2d 342 (1993); *see also United States v. Hines*, 26 F.3d 1469, 1473, 1476 (9th Cir.1994) (approving both a six-level enhancement for a threat directed against the President, coupled with conduct evidencing an intent to carry out the threat *and* a six-level upward departure pursuant to an earlier version of U.S.S.G. § 3A1.2, Application Note 2).

The district court properly added three points to Cole's base offense level pursuant to U.S.S.G. § 3A1.2(a). Cole's sentence falls within the resulting range, and we affirm it.