**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>KENNETH WAYNE LEAMING,<br><br>    Defendant - Appellant. | No. 13-30142<br><br>D.C. No. 3:12-cr-05039-RBL-1<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>DAVID CARROLL STEPHENSON,<br><br>    Defendant - Appellant. | No. 13-30148<br><br>D.C. No. 3:12-cr-05039-RBL-2 |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 8, 2014
Seattle, Washington

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Kenneth Leaming appeals his convictions and sentence for filing false liens against government officials, harboring fugitives, and being a felon in possession of a firearm. David Stephenson appeals his sentence for filing false liens. We affirm Leaming's convictions, but vacate his sentence and remand for resentencing. We affirm Stephenson's sentence.

## I.    Leaming's Convictions

Leaming's contention that his convictions for filing false liens must be overturned because the documents he filed were not actually liens is not supported by the record. Not only were the documents titled "liens," Leaming repeatedly indicated in phone calls and letters his belief that the documents would enable him to seize property from the named victims. Based on this evidence, a rational juror could have found beyond a reasonable doubt that Leaming filed or attempted to file a "lien" or "encumbrance" under 18 U.S.C. § 1521. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We also reject Leaming's argument that the act of filing a false lien is constitutionally protected speech.

We need not address Leaming's claim that § 1521 does not protect former government officials. One of the victims named in Count III was a current

2

government official, and the jury unanimously agreed that Leaming filed a false lien against him. If there was any error in naming a retired official as a victim, which we do not decide, it was harmless.

Sufficient evidence also supports Leaming's conviction for harboring fugitives in violation of 18 U.S.C. § 1071. Trial testimony and documents recovered from Leaming's home reflected that Leaming knew his houseguests were fugitives, and that he was actively working to help them "avoid[] detection and apprehension." *United States v. Hill*, 279 F.3d 731, 738 (9th Cir. 2002) (quoting *United States v. Yarbrough*, 852 F.2d 1522, 1543 (9th Cir. 1988)).

Leaming contends that his conviction for firearms possession violates the Commerce Clause and the Second Amendment. The requirements of the Commerce Clause were satisfied because undisputed evidence established that the guns found in Leaming's home moved in interstate commerce. *See United States v. Henry*, 688 F.3d 637, 641-642 & n.5 (9th Cir. 2012). We reject Leaming's Second Amendment claim because convicted felons do not have a constitutional right to bear arms. *United States v. Vongxay*, 594 F.3d 1111, 1117-18 (9th Cir. 2010).

**II.    Leaming's Sentence**

Leaming argues that the district court improperly calculated his Sentencing Guidelines range when it applied a six-point enhancement for "conduct evidencing an intent to carry out such threat." U.S.S.G. § 2A6.1(b)(1). As the government acknowledges, Leaming objected to this enhancement before his sentencing. We conclude that the district court's decision to apply this enhancement was a "significant procedural error." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Both the presentence report and the district court at sentencing referred to Guidelines Section 2A6.1(b)(1) as an enhancement for conduct evidencing an intent to carry out "the offense." However, the enhancement only applies to defendants who engage in conduct evidencing an intent to carry out "such threat." Although Leaming did carry out the offense of filing a false lien, nothing in the record supports the conclusion that Leaming made a "threat" within the meaning of Section 2A6.1(b)(1).

This error was not harmless. The district court rejected the government's request for an extraordinary sentence and gave Leaming a sentence within the Guidelines range. We vacate and remand for resentencing without application of the six-point enhancement under Section 2A6.1(b)(1).

We reject Leaming's other claims of sentencing error. The record is clear that Leaming filed "more than two false liens," warranting an enhancement under U.S.S.G. § 2A6.1(b)(2)(B). It was not impermissible double-counting for the district court to apply an enhancement under Section 3A1.2 based on the government official status of the victim. *United States v. Williams*, 14 F.3d 30, 31-32 (9th Cir. 1994) (per curiam).

## III. Stephenson's Sentence

Stephenson claims that the district court erred in calculating his Guidelines range and that his sentence is substantively unreasonable. Because Stephenson did not object to the Guidelines calculation before sentencing, we review for plain error, which is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (quotation marks and citations omitted).

Any claimed error in the calculation of Stephenson's Guidelines range did not affect his substantial rights. There is not a "reasonable probability" that the district court would impose a different sentence on remand. *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013). The sentencing judge, who had previously sentenced Stephenson in 2006, thoroughly explained why the Sentencing Guidelines did not reflect Stephenson's relentless efforts to harass

5

federal officials. Stephenson has multiple felony convictions, and he plotted the current offense from prison. He showed no remorse for his actions and continues to challenge the legitimacy of federal authority.

For the same reasons, we also hold that the judge's decision to impose the statutory maximum sentence was not substantively unreasonable.[1]

AFFIRMED in part, VACATED in part, and REMANDED for resentencing as to Leaming. We AFFIRM Stephenson's sentence.

---

[1] Because they are both represented by counsel, we decline to entertain the multiple *pro se* Circuit Court filings by Leaming and Stephenson. *See United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987).