**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30049 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-05039-RBL-1 |
| v. | |
| KENNETH WAYNE LEAMING, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 16, 2017**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Kenneth Leaming appeals the 97-month sentence imposed on remand

following his conviction for filing false liens against government officials,

harboring fugitives, and being a felon in possession of a firearm.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and review for abuse of discretion procedural errors in sentencing and the substantive reasonableness of a sentence. *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010). We affirm.

This is the third time we have considered Leaming's sentence. We first vacated his sentence and remanded because the district court erroneously applied an enhancement under U.S.S.G. § 2A6.1(b)(1). We remanded again after the district court eliminated the enhancement on two counts but not on a related third count. The district court then eliminated the enhancement on all three counts, but applied an unrelated enhancement under § 3A1.2(b) to correct an error in its initial Guidelines calculation that the parties and the court previously overlooked. In this appeal, Leaming does not dispute that the § 3A1.2(b) enhancement applies, but argues that the district court was without authority to correct its error. He also claims that his above-range sentence is substantively unreasonable.

A district court resentencing on remand may generally "consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir. 2002). Although a district court must execute the terms of our mandate when we clearly limit the scope of a remand, "the rule of

2

mandate allows a lower court to decide anything not foreclosed by the mandate."
*Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

Our most recent mandate instructed the district court to eliminate the § 2A6.1(b)(1) enhancement on all relevant counts. The mandate was silent as to any other enhancements, and nothing in our remand order precluded the district court from correcting additional errors in its Guidelines calculation. On remand, the district court eliminated the six-level enhancement under § 2A6.1(b)(1) pursuant to our mandate, and it applied an unrelated six-level enhancement under § 3A1.2(b) to correct an error in its initial Guidelines calculation. This was not an abuse of discretion. *See United States v. Washington*, 172 F.3d 1116, 1117–19 (9th Cir. 1999). Additionally, we previously foreclosed Leaming's double-counting argument, *United States v. Leaming*, 596 F. App'x 535, 536 (9th Cir. 2015), and the law-of-the-case doctrine did not preclude the district court's § 3A1.2(b) enhancement because our decisions in Leaming's first two appeals never addressed whether § 3A1.2(b) applied to his Guidelines calculation.

We also do not presume that an above-range sentence is substantively unreasonable solely because it falls outside the Guidelines range. *Spangle*, 626 F.3d at 498. Instead, we must "consider the totality of the circumstances, including

3

the degree of variance for a sentence imposed outside the Guidelines range . . . [and] 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court articulated its rationale for imposing the above-range sentence and stated that its § 3553(a) analysis had not changed since the previous sentencing hearing. The court reiterated its view that Leaming "present[s] a real danger to the community" and had committed "a very serious offense" that created "a need for the court to demand respect for the rule of law, to avoid disparity in sentencing, and to deter criminal activity of this nature by [Leaming], or other like-minded people." The court compared Leaming with his co-defendant to contrast each defendant's role in the conspiracy, not to achieve sentence parity. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007). Under these circumstances, the district court adequately substantiated its reasoning for imposing an above-range sentence and committed no legal error. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**

4