# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1014

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| Richard Allen Humphreys, also | * | |
| known as Israel Humphreys, also | * | [PUBLISHED] |
| known as Prophet Israel Humphreys, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 2003

Filed: December 22, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

On March 8, 2001, Richard Allen Humphreys told others that either he or one of his followers would douse President Bush with a flammable material and throw a match on him. The Government charged Humphreys with making threats against the President of the United States in violation of 18 U.S.C. § 871(a). A jury found him guilty. In projecting Humphreys' sentence, the presentence report (PSR) did not recommend a four-level decrease in Humphreys' offense level under U.S.S.G. § 2A6.1(b)(5) (2002), which authorizes a district court to decrease the offense level for

threatening communications offenses by four levels if no other adjustments under § 2A6.1 apply and "the offense involved a single instance evidencing little or no deliberation." Over Humphreys' objection, the district court[*] found Humphreys did not qualify for the decrease because he made statements threatening the President in an Internet chat room on February 2, 2001. The district court sentenced Humphreys to thirty-seven months in prison.

Humphreys appeals asserting the § 2A6.1(b)(5) decrease applies. The district court did not commit clear error in finding Humphreys' offense did not involve "a single instance evidencing little or no deliberation" within the meaning of § 2A6.1(b)(5). Although "single instance" does not necessarily mean "single threat," "single instance" suggests both a temporal relationship and a single purpose or scheme. United States v. Sanders, 41 F.3d 480, 484 (9th Cir. 1994); United States v. Freeman, 176 F.3d 575, 579 (1st Cir. 1999). The term suggests the reduction applies only to "defendants whose threats are the product of a single impulse, or are a single thoughtless response to a particular event." Sanders, 41 F.3d at 484. Humphreys communicated his threat about burning Bush to different people on different occasions, specifically, in the chat room, by fax to the White House, and in person to three individuals at different times. See United States v. Fann, 41 F.3d 1218, 1219 (8th Cir. 1994) (per curiam) ("single-instance" reduction did not apply because defendant communicated threat more than once to different people using different modes of communication).

Humphreys contends the chat room statements were not threatening and were not meant to be taken seriously. In the online chat, Humphreys stated:

---

[*]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

HE IS NOW, HE FEARS ME SOMETHING TERRIBLE, GORE DOES TOO BECAUSE I PRAYED FOR A TIE IN THE ELECTION AND GOT IT WHEN THE GORE PEOPLE TOLD ME THAT IF I WANTED JUSTICE I NEEDED A DIFFERENT CANDIDATE, SAID TO THEM, "SO BE IT" GOT THE TIE AND DIFFERENT CANDIDATE, NOW GOING TO ASK BUSH FOR JUSTICE, AND IF I DON'T GET IT I AM GOING TO PRAY FOR A BURNING BUSH. GET IT? SO IF YOU HEAR THAT A MAN RUNS UP AND THROWS GASOLINE AND A MATCH TO BUSH YOU WILL KNOW THAT GOD DID SPEAK THROUGH THE BURNING BUSH. LOL

Even if "LOL" indicates Humphreys was "laughing out loud," as he contends, the district court did not commit clear error in finding Humphreys' chat room statement threatened the President. Humphreys knowingly and willfully made the statement and a reasonable person could view it as a serious expression of intent to inflict bodily harm. See Freeman, 176 F.3d at 578 (defining threat under § 875(c)).

Because the district court did not commit clear error in denying the § 2A6.1(b)(5) decrease, we affirm Humphreys' sentence. We recommend to the Bureau of Prisons that Humphreys serve his term in the Federal Medical Center, however. The record shows Humphreys suffers from a bipolar disorder and has had several periods of hospitalization because of his delusions. His symptoms are treatable with medication. Hopefully, medication over a significant period of years will result in his being able to live outside the prison confines, free of delusions and the type of behavior he exhibited here.

_____