UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fifteen.

Present:
> GUIDO CALABRESI,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                       No. 14-1809-cr

CHRISTINE WRIGHT-DARRISAW,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Defendant-Appellant: | JEFFREY L. CICCONE, Assistant Federal Public Defender, (Jay Ovsiovitch, Of Counsel, *on the brief*), Federal Public Defender's Office, Rochester, NY. |
| For Appellee: | MONICA J. RICHARDS and Joseph J. Karaszewski, Assistant United States Attorneys, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

---

Appeal from a judgment of the United States District Court for the Western District of

New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Christine Wright-Darrisaw ("Wright-Darrisaw") appeals her
conviction for threatening to kill the President of the United States in violation of 18 U.S.C.
§ 871(a)[1] and the procedural reasonableness of her sentence of 33 months imprisonment. This
court previously addressed the procedural reasonableness of Wright-Darrisaw's sentence—in
particular, whether her threat involved the sort of deliberation contemplated under U.S.S.G.
§ 2A6.1(b)(6) that precluded her from receiving a four-level decrease in her offense level. *See
United States v. Wright-Darrisaw*, 781 F.3d 35, 39 (2d Cir. 2015). We deferred consideration of
whether Wright-Darrisaw's statement constituted a "true threat" until after the Supreme Court
had issued its decision in *Elonis v. United States*, 135 S.Ct. 2001 (2015). We now address
whether there was sufficient evidence to support Wright-Darrisaw's conviction under 18 U.S.C.
§ 871(a). We assume the parties' familiarity with the underlying facts, the procedural history of
the case, and the issues remaining on appeal, to which we refer only as necessary to explain our
decision.

This Court reviews *de novo* a district court's grant or denial of a judgment of acquittal
and will affirm the judgment if, after considering all the facts in the light most favorable to the
prosecution, "no rational trier of fact could have found the defendant guilty beyond a reasonable
doubt." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (quoting *United States v.
Jackson*, 335 F.3d 170, 180 (2d Cir. 2003)). In pertinent part, 18 U.S.C. § 871(a) provides that
anyone who "knowingly and willfully . . . [makes] any threat to take the life of, to kidnap, or to
inflict bodily harm upon the President of the United States . . . shall be fined under this title or

---

[1] Wright-Darrisaw does not challenge her conviction for making false statements in violation of
18 U.S.C. § 1001(a)(2).

imprisoned not more than five years, or both." 18 U.S.C. § 871(a). This Court has traditionally

applied an objective test to determine whether a defendant's statement is a true threat. *United*

*States v. Turner*, 720 F.3d 411, 420 (2d Cir. 2013). A statement rises to the level of true threat if

"an ordinary, reasonable recipient who is familiar with the context of the [communication] would

interpret it as a threat of injury." *Id.* (quoting *U.S. v. Davila*, 461 F.3d 298, 305 (2d Cir. 2006)).

"True threats encompass those statements where the speaker means to communicate a serious

expression of [] intent to commit an act of unlawful violence" even without the intent to commit

the act. *Virginia v. Black*, 538 U.S. 343, 359–60 (2003) (internal citations omitted).[2] "[W]hether

[the] words used are a true threat is generally best left to the triers of fact." *United States v.*

*Amor*, 24 F.3d 432, 436 (2d Cir. 1994) (quoting *United States v. Carrier*, 672 F.2d 300, 306 (2d

Cir. 1982)).

In this case, the Supreme Court's holding in *Elonis* does not significantly alter the

standard by which we determine whether a threat is a true threat under 18 U.S.C. § 871(a). 135

S.Ct. at 2012. Section 871(a) requires the Government to prove that the defendant "knowingly

and willfully" threatened the President of the United States. 18 U.S.C. § 871(a). *Elonis* informs

our understanding of 18 U.S.C. § 871(a) that the Government will have met its burden if it

---

[2] As we recognized in *Turner*, this Court has yet to address whether the objective test for a true threat has been supplemented with a subjective test by the United States Supreme Court in *Virginia v. Black*, and now in *Elonis*, both of which might be read (albeit in different statutory contexts) to require that the speaker subjectively intend to communicate a threat or intimidate the threat's recipient. *See Turner*, 720 F.3d at 420 n.4; *Black*, 538 U.S. at 359 (2003); *Elonis*, 135 S.Ct. at 2012. *But see United States v. Johnson*, 14 F.3d 766, 769–71 (2d Cir. 1994). But as in *Turner*, we find no reason here to delineate with more precision the subjective elements of a true threat needed to sustain a conviction under 18 U.S.C. § 871(a). In our view, the subjective element is satisfied in 18 U.S.C. § 871(a) by the use of the terms "knowingly and willfully"— elements not present in 18 U.S.C. § 875(c), the statute on which the Court focused in *Elonis*. Here, the district court invoked that element when it instructed the jury to apply the "knowingly and willfully" requirement to both the act of communicating and the act of threatening, requiring the jury to find beyond a reasonable doubt that Wright-Darrisaw intended her communication to be understood as a threat. *See* J.A. at 82–83. Under § 871(a), this sufficed.

proves that Wright-Darrisaw's statement was objectively a true threat and that she "knowingly and willfully" made her statement, intending it to be understood by others to be a true threat. This is precisely what the district court instructed the jury to consider. J.A. at 82–83 (instructing the jury that a statement is a true threat if a "reasonable person hearing or reading the statement would understand it as a serious expression of intent to inflict bodily injury . . . [and that] the Government must prove that the defendant . . . made the statement intending it to be understood by others to be a serious threat").

We conclude on our review of the evidence presented—Wright-Darrisaw's statement that she was going to "f**ck and kill Obama," coupled with the surrounding factual circumstances—that it is sufficient for a rational juror to find that she intended to make a true threat against the President and thus violated 18 U.S.C. § 871(a).

We have considered all of Wright-Darrisaw's remaining arguments that have not been addressed in our prior opinion and find them to be without merit. Accordingly, we **AFFIRM** the conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK