18-313-cr
*United States v. Peter J. Santos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
           GUIDO CALABRESI,
           DENNY CHIN,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee,*

            -v-                                    18-313-cr

PETER J. SANTOS,
                   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                     MARC H. SILVERMAN, Assistant United
                                  States Attorney, *for* John H. Durham, United
                                  States Attorney for the District of Connecticut,
                                  New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:     DEVIN MCLAUGHLIN, Langrock Sperry &
                             Wool, LLP, Middlebury, Vermont, and
                             Jeremy Gutman, New York, New York.

Appeal from the United States District Court for the District of

Connecticut (Thompson, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in

part and **VACATED** in part and the case is **REMANDED** for resentencing.

Defendant-appellant Peter J. Santos appeals from a judgment entered

January 30, 2018, after a jury trial, convicting him of threatening a federal official in

violation of 18 U.S.C. § 115(a)(1)(B).  The district court sentenced Santos principally to

41 months' imprisonment.  On appeal, Santos challenges the sufficiency of the evidence,

the district court's evidentiary rulings, and the procedural reasonableness of his

sentence.  We assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.

In 2014, Santos was convicted in the Southern District of New York

(Wood, *J.*) of unrelated crimes (related to the transportation of stolen goods) and

sentenced to 25 months' imprisonment and three years' supervised release.  While on

supervised release in the District of Connecticut after completing his prison term,

Santos tested positive for heroin more than a dozen times and failed to complete several

drug programs.  On August 31, 2016, the district court (Arterton, *J.*) held a hearing to

2

address Santos's violations of his conditions of supervised release. After concluding

that Santos violated the conditions of his supervised release, the district court sentenced

Santos principally to six months' imprisonment, to be followed by two years of

supervised release. As he was leaving the court room, Santos turned to his probation

officer and made a threatening comment. A federal grand jury eventually indicted

Santos for threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B). On June

2, 2017, a jury convicted Santos. After the district court (Thompson, *J.*) imposed

sentence, this appeal followed.

## *DISCUSSION*

**I.** *Sufficiency of the Evidence*

**A.** *Applicable Law*

To be liable for violating § 115(a)(1)(B), a defendant must, *inter alia*,

threaten a federal official with the intent to impede, intimidate, or interfere with the

individual in the performance of official duties. *See* 18 U.S.C. § 115(a)(1)(B). Although

the statute criminalizes certain speech, the Supreme Court has held that the First

Amendment does not afford protection to speech that constitutes a "true threat." *Watts*

*v. United States*, 394 U.S. 705, 708 (1969) (internal quotation marks omitted). This Court

has traditionally applied an objective test to determine whether a defendant's statement

is a true threat. *United States v. Turner*, 720 F.3d 411, 420 (2d Cir. 2013). A statement

rises to the level of true threat if "an ordinary, reasonable recipient who is familiar with

3

the context of the [communication] would interpret it as a threat of injury." *Id.* (quoting *United States v. Davila*, 461 F.3d 298, 305 (2d Cir. 2006) (internal quotation marks omitted)). "[W]hether [the] words used are a true threat is generally best left to the triers of fact." *United States v. Amor*, 24 F.3d 432, 436 (2d Cir. 1994) (internal quotation marks omitted).

"We review sufficiency of evidence challenges *de novo*, but defendants face a heavy burden, as the standard of review is exceedingly deferential." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted). "We must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotation marks and brackets omitted). "[W]e will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

**B.** *Application*

Santos contends that the evidence is insufficient to show that he conveyed a "true threat" to his probation officer. The argument fails because the record contains ample evidence supporting the jury's verdict, including testimony from six different witnesses present at the August 31, 2016 violation hearing. For example, the probation officer testified that while the U.S. Marshals escorted Santos from the courtroom, he

turned and said, "When I get out, I'm coming for you." Gov't App'x at 281. Two U.S. Marshals also testified to hearing the same comment. *See* Gov't App'x at 361-62, 393. Moreover, the court reporter testified that Santos said, "something to the effect of 'When I get out, I'll come see you,' or 'I'll come look for you.'" Gov't App'x at 92-93. Beyond the trial testimony, there is additional evidence that Santos exhibited open hostility to his probation officers in two different recorded prison calls prior to his August 31, 2016 violation hearing. *See* Gov't App'x at 682, 684. After reviewing this evidence, a reasonable jury could have concluded beyond a reasonable doubt that Santos's statement was a "true threat" sufficient to violate § 115(a)(1)(B).

## II. *Evidentiary Rulings*

### A. *Applicable Law*

Santos contends that he was deprived of a fair trial because the district court erroneously admitted evidence of the value of the stolen goods involved in his previous conspiracy conviction, during the government's redirect examination of two witnesses. "The scope of redirect examination is a matter entrusted to a trial judge's broad discretion." *United States v. Vasquez*, 267 F.3d 79, 85 (2d Cir. 2001) (internal quotation marks omitted). We review the district court's decision to admit evidence for abuse of discretion, *United States v. Spoor*, 904 F.3d 141, 153 (2d Cir. 2018), and we will reverse only if an error affects a "substantial right," *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005) (quoting Fed. R. Evid. 103(a)).

5

**B.**    *Application*

Santos argues that evidence of the value of the stolen goods involved in his prior convictions was irrelevant and only served to show his propensity to commit the charged offense. We disagree. First, the government's redirect was relevant under Federal Rule of Evidence 403 as a response to the defense's argument that Santos was unlikely to engage in criminal conduct because he was simply a heroin addict. *See* Dist. Ct. Docket No. 113 at 16; *see also* Gov't App'x at 512 (defense counsel portraying Santos as a drug addict living in a "careless manner" who made a "careless comment" to his probation officer). That Santos's prior criminal actions involved a large sum showed a degree of sophistication relevant to the jury's assessment of whether Santos made a "careless comment," Gov't App'x at 512, or a "true threat." Second, the testimony was not bad-acts evidence under Federal Rule of Evidence 404 because the government was permitted on redirect to explore the nature and circumstances of the prior convictions after defense counsel, on cross-examination, asked whether the offenses were "crimes of violence." Gov't App'x at 188. Accordingly, the district court did not abuse is discretion in admitting the testimony.

**III.**    *Procedural Reasonableness of Sentence*

**A.**    *Applicable Law*

In calculating Santos's sentence, the district court declined to apply a reduction under United States Sentencing Guidelines ("U.S.S.G.") § 2A6.1(b)(6), which

6

permits a four-level reduction if the threat "involved a single instance evidencing little or no deliberation." This Court considers two factors in determining whether § 2A6.1(b)(6) applies: "(1) whether, and under what circumstances, the threat itself has been repeated and (2) whether there is evidence of planning or some effort to carry out the threat." *United States v. Wright-Darrisaw*, 781 F.3d 35, 41 (2d Cir. 2015).

A district court "commits procedural error where it . . . makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We review *de novo* a district court's interpretation of the Guidelines and for clear error its factual findings regarding the applicability of specific enhancements or reductions. *See United States v. Richardson*, 521 F.3d 149, 156 (2d Cir. 2008).

**B.** *Application*

We conclude that the district court committed procedural error in declining to apply § 2A6.1(b)(6) because there was insufficient evidence of deliberation and repetition of the threat. The evidence relied on by the district court demonstrated that Santos was agitated by the results of the violation hearing, but it did not establish that Santos engaged in any deliberation or planning. *See Wright-Darrisaw*, 781 F.3d at 41. Indeed, the fact that Santos was "under control" during parts of the hearing shows that his threat was a spontaneous outburst triggered by his mounting anger. Gov't App'x at 640.

7

Moreover, there was insufficient evidence that Santos repeated this threat. The district court erred in concluding that Santos's discussion with the U.S. Marshals outside the courtroom constituted a separate repetition of the threat. After Santos made his threatening comment, the U.S. Marshals moved him outside the courtroom and escorted him down a hallway to an elevator. It was at that point -- which likely was just moments later -- that Santos told a U.S. Marshal, "[w]e all have to meet our maker at some point, whether it's by me or someone else." Gov't App'x at 369. Given the temporal proximity between his threat and this comment and all the circumstances, this was a single episode rather than multiple threats. Because the record contains insufficient evidence of deliberation and repetition, the district court erred in declining to apply § 2A6.1(b)(6). On this record, we conclude that Santos is entitled to a four-level reduction pursuant to § 2A6.1(b)(6). Accordingly, his Total Offense Level was 14, and with a Criminal History Category of III, his Guidelines range is 21 to 27 months. The district court shall conduct a plenary resentencing.

*   *   *

We have considered Santos's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** as to the conviction and **VACATED** as to the sentence, and the case is **REMANDED** for resentencing. The mandate shall issue forthwith. The district court is instructed to proceed to resentencing as soon as practicable in light of the reduced Guidelines range.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9