**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANNETTE NAKATSUKASA BASA,
*Defendant-Appellant*.

No. 14-10557

D.C. No.
1:13-cr-00007-1

OPINION

Appeal from the United States District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted
February 12, 2016—Honolulu, Hawaii

Filed March 28, 2016

Before: Susan P. Graber, Jay S. Bybee,
and Morgan Christen, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Criminal Law

The panel affirmed a sentence for sex trafficking, in violation of 18 U.S.C. § 1591(a)(1).

The panel held that the enhancement under U.S.S.G. § 2G1.3(b)(4)(A), for an offense that "involved the commission" of a sex act with a child, applies whether or not the defendant herself engaged in that act.

The panel held that the district court did not engage in impermissible double-counting by applying both the § 2G1.3(b)(4)(A) enhancement and an enhancement under U.S.S.G. § 2G1.3(b)(2)(B), which applies when a defendant unduly influenced a minor to engage in prohibited sexual conduct. The panel wrote that neither provision repeats a required element of a conviction under § 1591(a), and the two enhancements take account of separate offense characteristics.

The panel held that the district court permissibly declined to depart downward for reduced mental capacity under U.S.S.G. § 5K2.13.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Steven P. Pixley (argued), Saipan, Northern Mariana Islands, for Defendant-Appellant.

Garth R. Backe (argued) and Ross K. Naughton, Assistant United States Attorneys, Saipan, Northern Mariana Islands, for Plaintiff-Appellee.

**OPINION**

GRABER, Circuit Judge:

In exchange for money and drugs, Defendant Annette Nakatsukasa Basa provided housing for two 15-year-old girls and facilitated their having sex with adult men. Defendant pleaded guilty to sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1).[1] The district court sentenced Defendant to a term of 210 months in prison; she appeals that sentence pursuant to 18 U.S.C. § 1291 and 1294. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2013, two homeless 15-year-old girls, V.R. and A.J., moved into Defendant's home on Saipan. Defendant gave them methamphetamine. She also introduced

---

[1] Title 18 U.S.C. § 1591(a)(1) provides that "[w]hoever knowingly—in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act" is guilty of a crime.

the girls to several adult men and encouraged them to have sex with the men. In return for facilitating these sexual encounters with the girls, the men gave Defendant money or methamphetamine. The girls were sometimes compensated in food and sometimes not compensated at all.

In June, a concerned citizen contacted the local police about alleged sexual abuse of V.R. and A.J., later supplying video footage showing an adult man engaged in sexual intercourse with two underage girls. The police interviewed V.R. and A.J. The girls reported that Defendant arranged for them to have sex with adult men, gave them methamphetamine, told them to deny being underage or being sold for sexual purposes, drove them to some of the sexual encounters, and sometimes demanded that they have sex with the men while threatening to throw them out of the house if they refused. The local police referred the matter to the Federal Bureau of Investigation. Defendant's arrest followed. Defendant admitted that she had provided underage girls to adult men on many occasions; admitted that she had facilitated the sexual encounters by, among other things, driving A.J. to a secluded beach where an adult man had sex with A.J.; and admitted that she had received money and methamphetamine for facilitating the sexual encounters.

A grand jury indicted Defendant on two counts of sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c). Pursuant to a plea agreement, Defendant pleaded guilty to one count of violating 18 U.S.C. § 1591(a)(1).[2] At sentencing, Defendant presented evidence

---

[2] The appeal waiver in the plea agreement does not bar this appeal because the waiver applies only to the conviction, not to the sentence. *United States v. Spear*, 753 F.3d 964, 970 (9th Cir. 2014).

that she suffers from significantly reduced mental capacity because of her intellectual disability, exacerbated by post-traumatic stress disorder resulting from her own history of sexual abuse.

The court sentenced Defendant to a term of 210 months' imprisonment. It applied sentencing enhancements under U.S.S.G. § 2G1.3(b)(4)(A) and (b)(2)(B). The district court also denied Defendant's motion, premised on U.S.S.G. § 5K2.13, for a reduction in her sentence, reasoning that Defendant had failed to demonstrate that her diminished capacity substantially contributed to the commission of the offense. She brings this timely appeal, challenging her sentence.

## STANDARDS OF REVIEW

"There is an intracircuit split as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion." *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014). "There is no need to resolve this split where, as here, the choice of the standard does not affect the outcome of the case." *Id.* We review for clear error a district court's factual findings. *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013).

## DISCUSSION

Defendant argues, first, that U.S.S.G. § 2G1.3(b)(4)(A) does not apply because she did not, herself, commit a sex act with either victim. This is an issue of first impression in the Ninth Circuit. Second, Defendant asserts that it was impermissible double counting to apply that enhancement *and* the one embodied in U.S.S.G. § 2G1.3(b)(2)(B). Finally,

Defendant disputes the district court's rejection of her request for a downward departure on account of reduced mental capacity.

> A. *U.S.S.G. § 2G1.3(b)(4)(A) applies even though Defendant did not engage in a sex act with a minor victim*.

Section 2G1.3(b) of the Sentencing Guidelines lists specific offense characteristics that increase the offense level for various crimes, including the crime of which Defendant stands convicted. One such class of cases is described in subsection (b)(4)(A): If "the offense involved the commission of a sex act or sexual contact . . . , increase by 2 levels." As noted, Defendant argues that, because *she* did not commit a sex act herself, the enhancement does not apply. We disagree.

The text of the Guideline is clear. It requires only that the offense as a whole "involved the commission" of a sex act; it does not specify that the defendant must have committed the sex act himself or herself. When the specific offense characteristics require an act or status on the part of the defendant himself or herself, the Guidelines plainly so state. For example, U.S.S.G. § 2G1.3(b)(1)(A) applies only when "the *defendant* was a parent, relative, or legal guardian of the minor." (Emphasis added.) By contrast, subsection (b)(4)(A) contains no requirement for the defendant to have committed a sex act. We must give effect to that textual distinction. *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 23 (1983) (when Congress uses particular text in one section of a statute but omits it in another section of the same statute, courts presume that Congress intended a different meaning); *see also United States v. Caceres-Olla*, 738 F.3d 1051, 1056 (9th

Cir. 2013) (applying interpretive canon to the Sentencing Guidelines).

The Guidelines also specify that "specific offense characteristics . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). In the present case, Defendant aided, abetted, counseled, commanded, induced, procured, or willfully caused the commission of a sex act with the minor victims. Defendant aided and abetted the sex acts in which the child victims engaged; she knew that her actions of encouraging, transporting, or coercing the victims would lead to sex acts and received payment for enabling the sex acts to occur. For that reason, her offense "involved the commission" of sex acts, and the district court properly applied U.S.S.G. § 2G1.3(b)(4)(A).

This reading of the Guideline is logical and is supported by our decision in *United States v. Hornbuckle*, 784 F.3d 549, 553–54 (9th Cir. 2015). *Hornbuckle* confronted a slightly different issue than the one that we address here, but it is nevertheless instructive. The *Hornbuckle* defendants ran a prostitution ring and pimped out (among others) three homeless minors who lived with the defendants for a time. *Id.* at 551. As here, the defendants did not themselves engage in sex acts with the minors; rather, they caused the minors to engage in sex acts with others. *Id.* The defendants argued that applying the § 2G1.3(b)(4)(A) enhancement constituted double counting because, according to the defendants, 18 U.S.C. § 1591 required the commission of a sex act. *Id.* at 553. We disagreed and held that a conviction under § 1591 does not require that a sex act take place. *Id.* at 554. One can commit the crime of sex trafficking of a child even if the

child never engages in a sex act. For example, had the
defendant here transported A.J. to an intended sexual
encounter, but been intercepted before sex took place,
Defendant still would have violated § 1591(a)(1) because
Defendant would have, at a minimum, "transport[ed] . . . a
person . . . knowing . . . that the person has not attained the
age of 18 years and will be caused to engage in a commercial
sex act." Thus, the specific offense characteristic covered by
the Guidelines applies only to a subset of § 1591 offenses,
those in which the aggravating factor—sex with the
child—actually occurred. Although *Hornbuckle* addressed
the issue presented here only obliquely, the pertinent facts of
*Hornbuckle* and this case are the same: namely, the
defendants themselves did not engage in sex acts with minors,
but only caused those acts to occur. We upheld the
application of the § 2G1.3(b)(4)(A) enhancement in
*Hornbuckle*, and we do so again today.

Similarly, in *United States v. Willoughby*, 742 F.3d 229,
241 (6th Cir. 2014), the Sixth Circuit held that a conviction
under § 1591 did not require the commission of a sex act, a
holding that is consistent with our decision in *Hornbuckle*.
Significantly for our purposes, the *Willoughby* court stated
that the § 2G1.3(b)(4)(A) enhancement did not require the
defendant himself to be involved in a sex act in order for the
enhancement to apply. In *Willoughby*, the defendant had sex
with a minor whom he sheltered, and he then solicited money
in return for the child's having sex with other men. *Id.* at
232–33. A jury convicted Willoughby under 18 U.S.C.
§ 1591(a) and (b). *Id.* at 233. The court applied the
§ 2G1.3(b)(4)(A) sentencing enhancement. *Id.* at 241.
Willoughby argued that the sentencing enhancement was
improper because his conviction already took his sex act into
account. *Id.*

The Sixth Circuit was not persuaded. It wrote: "Willoughby's offense was complete when he acted with the requisite knowledge—when he dropped SW off at Tusin's residence, for example—and not at the moment of penetration. His § 2G1.3(b)(4) enhancement was proper." *Id.* (citations omitted). In other words, the enhancement did not constitute double counting and was proper where (1) the defendant need not have engaged in a sexual act to be convicted under § 1591(a), and (2) the defendant caused a sex act to occur—for example, when he dropped the minor off at another man's residence to engage in sex acts. To satisfy the enhancement, it was not necessary that the defendant himself engage in sex acts with the minor, so long as the minor engaged in sex acts with someone as a result of the defendant's conduct.

To the extent then that we were not clear in *Hornbuckle*: The § 2G1.3(b)(4)(A) enhancement requires only that a sex act with a child occur—whether or not the defendant himself or herself engaged in that act. For that reason, the U.S.S.G. § 2G1.3(b)(4)(A) enhancement properly applied in *Hornbuckle* and properly applied to Defendant in this case.

B. *The district court permissibly applied U.S.S.G. § 2G1.3(b)(2)(B) as well*.

Defendant claims that the district court engaged in impermissible double counting when it applied both the (b)(4)(A) enhancement and the (b)(2)(B) enhancement. Impermissible double counting occurs when a court applies an enhancement that duplicates a necessary element of the underlying conviction, or when a court applies two enhancements that the Guidelines intend to make non-

cumulative. *United States v. Smith*, 719 F.3d 1120, 1123–25 (9th Cir. 2013). Neither situation is present here.

Section 2G1.3(b)(2)(B) applies when a defendant "unduly influenced a minor to engage in prohibited sexual conduct." Section 2G1.3(b)(4)(A) applies when an offense "involved the commission" of a sex act. Neither repeats a required element of a conviction under 18 U.S.C. § 1591(a). Undue influence of a minor is not a necessary element of this crime. *See United States v. Brooks*, 610 F.3d 1186, 1195 (9th Cir. 2010) (describing intent requirement of § 1591(a)). For example, a defendant could be convicted for transporting a minor to sexual encounters, knowing that they would occur, even if someone else influenced the minor to participate. And as discussed above, a violation of § 1591(a) can be complete even if no sex act occurs. *See Hornbuckle*, 784 F.3d at 553–54 (holding that the district court's application of a sentencing enhancement under U.S.S.G. § 2G1.3(b)(4) "was not double counting because 'commission of a sex act or sexual contact' is not an element of the [defendants'] convictions for sex trafficking of children under 18 U.S.C. § 1591").

Similarly, the two enhancements take account of separate offense characteristics. Here, for instance, the undue influence enhancement accounts for Defendant's providing shelter to homeless runaways and threatening to throw them out on the street if they did not engage in sex acts in exchange. By contrast, the other enhancement accounts for the fact that the minor victims actually engaged in sex acts.

C. *The district court permissibly declined to depart downward for reduced mental capacity.*

Under U.S.S.G. § 5K2.13, a downward departure may be warranted if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." Defendant presented expert evidence tending to show that she had a significantly reduced mental capacity. The district court held, though, that she failed to meet the second prong of the Guideline because she did not show that her reduced mental capacity contributed significantly to the commission of the offense of conviction.

The district court relied on several factors to reach that conclusion. Among other things, the court found that Defendant's reduced mental capacity resulted in part from the voluntary use of illegal drugs. That finding is not clearly erroneous. Section 5K2.13 provides that "the court may not depart below the applicable guideline range if . . . the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." In addition, the court found that Defendant could "maintain her composure and be acute in . . . formulating her intentions." Defendant used deliberate and intelligent methods of carrying out the offense—such as using fake names and ages for the victims—which negated the inference that diminished capacity caused her to commit the offense. Again, those findings are not clearly erroneous. Because the court came to a reasonable conclusion, supported by evidence, it permissibly denied the motion for a downward departure.

**AFFIRMED.**