**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROY RED JOEY,
*Defendant-Appellant*.

No. 15-10096

D.C. No.
3:14-cr-08122-SPL-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 18, 2016
San Francisco, California

Filed January 19, 2017

Before: Sidney R. Thomas, Chief Judge, and
Carlos T. Bea and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's determination that the defendant, as a repeat and dangerous sex offender against minors, was subject to an upward offense level adjustment pursuant to U.S.S.G. § 4B1.5, in a case in which the defendant was convicted of two counts of abusive sexual contact under 18 U.S.C. § 2244(a)(5) and two counts of committing a felony offense involving a minor while required to register as a sex offender under 18 U.S.C. § 2260A.

The panel rejected the defendant's argument that U.S.S.G. § 2A3.6, or its Application Note 3, bars the application of § 4B1.5 in calculating the defendant's Guidelines range for his § 2244(a)(5) convictions. The panel wrote that rather than instructing courts not to apply § 4B1.5 to a conviction under § 2244(a)(5) where the defendant also incurs a § 2260A conviction, the Guidelines instruct courts to determine the Guidelines range for the § 2244(a)(5) count independently of § 2260A.

The panel disposed of the remainder of the defendant's challenges to his conviction and sentence in a concurrently-filed memorandum disposition.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Cassie Bray Woo (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

Daniel L. Kaplan (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Defendant-Appellant.

**OPINION**

IKUTA, Circuit Judge:

Roy Red Joey was convicted of two counts of abusive sexual contact under 18 U.S.C. § 2244(a)(5) and two counts of committing a felony offense involving a minor while required to register as a sex offender under 18 U.S.C. § 2260A. Joey argues that the district court procedurally erred in calculating the United States Sentencing Guidelines sentencing range for his § 2244(a)(5) convictions by applying § 4B1.5 of the Guidelines when Joey had also been convicted under § 2260A, which Joey contends punishes the same conduct as § 4B1.5. Thus, according to Joey, the district court violated the principle against double counting in applying the Guidelines. Because we cannot infer that the Sentencing Commission intended to preclude a § 4B1.5 determination for a § 2244(a)(5) offense when the defendant has also been convicted under § 2260A, we conclude that the

district court did not commit a procedural error in calculating the Guidelines sentencing range, and we affirm.[1]

I

In 1992, Roy Red Joey was convicted of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153 and 2241(c) after he forced his nine-year-old niece to the ground, covered her mouth with his hand, and digitally penetrated her vagina. As a result of this conviction, Joey was sentenced to 93 months imprisonment, and was required to register as a sex offender. Several years later, in 2011, Joey offended again, this time against the minor grandchildren of one of his friends. At the time, the children were living with their grandmother, and Joey was a frequent guest at her home, sometimes even staying overnight.

The indictment in this case alleged that Joey touched one victim's breasts on one occasion and touched the other victim's penis on three occasions. At trial, the government elicited testimony from the victims about these incidents.[2] The first victim testified that Joey touched her "over and over and over again" on her thighs, arms, and once on her breasts. The other victim testified that Joey twice touched his penis as they watched television in the living room, once through the victim's clothes and once under the clothes. On a third

---

[1] We dispose of the remainder of Joey's challenges to his conviction and sentence in an unpublished memorandum disposition filed concurrently with this opinion.

[2] The jury appears to have disbelieved the victims' testimony in some respects, as evidenced by two not-guilty verdicts and two failures to render verdicts.

incident, the victim woke up in his bedroom to find Joey touching his penis. Eventually the victims' older sister learned of these incidents, reported the abuse to law enforcement, and obtained legal guardianship of the victims so that they would not be returned to their grandmother's house.

The government charged Joey with eight criminal counts. Counts 1 through 4 covered the four instances of inappropriate touching and alleged that each incident constituted a violation of 18 U.S.C. § 2244(a)(5) (prohibiting knowingly causing another person who is under twelve years old to engage in a sexual act).[3] Counts 5 through 8 alleged violations of 18 U.S.C. § 2260A, which imposes a penalty on a defendant who commits a specified felony offense involving a minor while required by federal or state law to register as a sex offender.[4] After a five-day trial, the jury returned guilty verdicts as to Counts 1 and 3 (two incidents

---

[3] The indictment alleged that this conduct also violated 18 U.S.C. §§ 1153 (giving federal courts jurisdiction over certain crimes committed by Indians) and 2246(3) (defining the term "sexual contact").

[4] 18 U.S.C. § 2260A provides:

Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

involving sexual acts in violation of § 2244(a)(5)) and Counts 5 and 7 (two violations of § 2260A).**5**

At sentencing, the district court adopted the Guidelines sentencing calculations from the Pre-Sentence Investigation Report (PSIR). *See* 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.1 (2014).**6** The PSIR first calculated the Guidelines sentencing range for the § 2244(a)(5) convictions. It determined that the applicable Guidelines provision was § 2A3.4 (abusive sexual contact), and that the base offense level for the two convictions under § 2244(a)(5) was 12. U.S.S.G. § 2A3.4(a)(3). Turning to the specific offense characteristics listed in § 2A3.4(b), the PSIR determined that § 2A3.4(b)(1) required an increase in the offense level to 22 because the victims of the abusive sexual contact had not yet attained the age of twelve. Because Joey had been convicted of multiple counts, the PSIR applied the multiple count adjustment required in Part D of Chapter 3 of the Guidelines for the two convictions under § 2244(a)(5), which resulted in a combined adjusted offense level of 24. *See id.* § 1B1.1(4).

Finally, the PSIR determined that Joey was a repeat and dangerous sex offender against minors for purposes of § 4B1.5, and therefore subject to an additional upward offense level adjustment. *See id.* § 1B1.1(5); *id.* § 4B1.5(a)(1)(B). Section 4B1.5 provides, in relevant part:

---

**5** The jury did not return a verdict on Counts 2 and 6 and acquitted on Counts 4 and 8.

**6** Unless otherwise indicated, all citations to the Guidelines are to the 2014 manual, which applied at the time of Joey's sentencing. *See Johnson v. Gomez*, 92 F.3d 964, 968 (9th Cir. 1996).

(a) In any case in which the defendant's instant offense of conviction is a covered sex crime, §4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction:

(1) The offense level shall be the greater of:

(A) the offense level determined under Chapters Two and Three; or

(B) the offense level from the table below decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1 (Acceptance of Responsibility):

| Offense Statutory Maximum | Offense Level |
|---|---|
| (i) Life | 37 |

Pursuant to § 4B1.5, because Joey's § 2244(a)(5) convictions were covered sex crimes, § 4B1.1 did not apply to Joey, Joey had previously been convicted of a sex offense, and the statutory maximum for the § 2244(a)(5) offenses was life imprisonment, Joey's total offense level for the § 2244(a)(5) convictions was 37. *See id.* § 4B1.5(a)(1). In addition, the

PSIR determined that under § 4B1.5(a)(2) Joey's criminal history was Category V.[7]

The PSIR's calculation of the Guidelines sentencing range for Joey's two convictions under 18 U.S.C. § 2260A was simpler. Section 2A3.6 of the Guidelines provides that "[i]f the defendant was convicted under . . . 18 U.S.C. § 2260A, the guideline sentence is the term of imprisonment required by statute." Accordingly, the district court imposed the term of imprisonment required by § 2260A, "10 years in addition to the imprisonment imposed for" the underlying § 2244(a)(5) offenses.

Before sentencing, Joey submitted written objections to the PSIR. Among other things, he argued that the PSIR incorrectly determined that pursuant to § 4B1.5 his offense level should be 37 and his criminal history a Category V. Joey claimed that the ten-year sentence under § 2260A (for committing a new qualifying felony involving a minor while being required to register as a sex offender), and the increased offense level for his conviction under § 2244(a)(5) due to the application of § 4B1.5 (for committing new sex crimes after having been convicted of a prior sex offense), punished the same conduct. Put differently, Joey contended that in light of his § 2260A conviction, applying § 4B1.5 to his § 2244(a)(5) offenses was impermissible double punishment for the same acts and therefore constituted a procedural error in calculating his Guidelines sentencing range. Joey renewed these objections at the sentencing hearing and also argued that the

---

[7] U.S.S.G. § 4B1.5(a)(2) provides: "The criminal history category shall be the greater of: (A) the criminal history category determined under Chapter Four, Part A (Criminal History); or (B) criminal history Category V."

overlap between §§ 4B1.5 and 2260A should at least factor into the fashioning of an appropriate sentence, which Joey suggested was 20 years imprisonment.

The district court rejected these arguments, holding that § 2260A "serves to punish for [] different conduct" from the Guidelines. After noting that it considered "all of the sentencing factors contained under Title 18 Section 3553(a)," the district court decided that a significant sentence was warranted in light of Joey's long history of sexual misconduct "for the better part of 40 years." Concluding that "the public is not safe with [Joey] as a free man," the district court adjusted Joey's offense level up to 39, thereby arriving at a Guidelines range of 360 months to life imprisonment. The district court then imposed two life sentences for Counts 1 and 3, to be served concurrently, and 120 months apiece for Counts 5 and 7, to run concurrent to one another but consecutive to the life sentences.

## II

On appeal, Joey renews his claim that the district court erred in calculating the advisory Guidelines sentencing range for his convictions under § 2244(a)(5). According to Joey, the district court made a procedural error in applying § 4B1.5 for two reasons: (1) § 2A3.6, and in particular Application Note 3 of that provision, precludes the application of § 4B1.5, and (2) applying § 4B1.5 in determining Joey's sentence under § 2244(a)(5) when he was also being sentenced under § 2260A violated the principle against double counting under the Guidelines. "In determining whether the district court committed procedural error, we review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Smith*, 719

F.3d 1120, 1123 (9th Cir. 2013) (citing *United States v. Swank*, 676 F.3d 919, 921 (9th Cir. 2012)).

A

Although the Sentencing Guidelines are merely advisory, *United States v. Booker*, 543 U.S. 220, 245 (2005), "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" because "the Guidelines should be the starting point and the initial benchmark" when imposing a sentence, *Gall v. United States*, 552 U.S. 38, 49 (2007).

As a general rule, a sentencing court should "consider all applicable Guidelines provisions in calculating the guidelines range for an offense." *United States v. Neal*, 776 F.3d 645, 660 (9th Cir. 2015) (quoting *Smith*, 719 F.3d at 1123). "Absent an instruction to the contrary, enhancements under Chapter Two, adjustments under Chapter Three, and determinations under Chapter Four are to be applied cumulatively." U.S.S.G. § 1B1.1 cmt. n.4(B). Accordingly, in calculating the Guidelines sentencing range for an offense, courts are sometimes required to make multiple enhancements, adjustments, or determinations that are "triggered by the same conduct." *Id*. As the Guidelines explain, for example, "shooting a police officer during the commission of a robbery may warrant an injury enhancement under §2B3.1(b)(3) and an official victim adjustment under §3A1.2, even though the enhancement and the adjustment both are triggered by the shooting of the officer." *Id*. From this guidance, we conclude that a court must generally apply all applicable Guidelines provisions, regardless whether the same act triggers multiple provisions.

Consistent with this general rule, which derives from the Guidelines themselves, the Sentencing Commission expressly indicates when Guidelines provisions are *not* to be applied cumulatively. *See*, *e.g.*, *Smith*, 719 F.3d at 1124 (noting that the Guidelines manual "spells out numerous instances in which a particular provision should not be applied to the same conduct as another provision"). Thus, when a defendant is subject to a statutory sentencing enhancement for specified conduct, as Joey is here, the Sentencing Commission provides explicit instructions when it intends to preclude courts from adjusting the defendant's Guidelines sentencing range on account of the same conduct. For instance, 18 U.S.C. § 924(c) imposes an enhanced sentence on a person for using, carrying, or possessing a firearm in conjunction with the commission of certain other offenses, and the Sentencing Commission directs courts not to "apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence" for the offense underlying a conviction of § 924(c). U.S.S.G. § 2K2.4 cmt. n.4. The Commission has provided similar directions for comparable situations in which only one offense level increase should be applied. *See*, *e.g.*, *id.* § 2K2.1 cmt. n.8(A) (forbidding a stolen firearm enhancement where "the base offense level takes into account that the firearm or ammunition was stolen"); *id.* § 3A1.1 cmt. n.2 (forbidding a vulnerable victim adjustment "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline"). Accordingly, "we have long held that the Sentencing Commission understands double counting"—the idea that the same conduct can sometimes result in multiple Guidelines offense level enhancements or adjustments—"and expressly forbids it where it is not intended." *Smith*, 719 F.3d at 1124 (quoting *United States v.*

*Rosas*, 615 F.3d 1058, 1065 (9th Cir. 2010)) (internal quotation marks omitted).

In light of this understanding of the Sentencing Commission's approach to the Guidelines, we have routinely upheld the cumulative application of Guidelines provisions over claims of "impermissible double counting" so long as the application was consistent with the relevant Guidelines instructions. *See*, *e.g.*, *id.* at 1124–25 & n.5. Although we have "inferred that the Commission would not intend courts to apply a Guidelines provision that would 'increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines,'" *id.* at 1124 (quoting *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007)), our examination of the Guidelines has consistently established that if "each invocation of the behavior serves a unique purpose under the Guidelines," then the Commission "authorized and intended" the cumulative application of both provisions, *Holt*, 510 F.3d at 1011 (internal quotations omitted). *See*, *e.g.*, *United States v. Basa*, 817 F.3d 645, 650 (9th Cir. 2016) (affirming the application of two enhancements that "take account of separate offense characteristics" and that were not explicitly non-cumulative); *Smith*, 719 F.3d at 1124–25 & n.5 (same, and collecting similar cases). Moreover, we have never held that a district court erred in applying an otherwise relevant Guidelines provision merely because the same conduct triggering the Guidelines provision satisfied an element of the offense. *See United States v. Williams*, 14 F.3d 30, 32 (9th Cir. 1994) (per curiam) (rejecting the argument that impermissible double counting occurs where a Guidelines provision considers a factor that is also an element of the underlying offense because "the proper comparison to determine whether impermissible double-counting occurred

is 'between the applicable guidelines provisions, not between the guidelines provisions and the criminal code'") (quoting *United States v. McAninch*, 994 F.2d 1380, 1385 (9th Cir. 1993)). Instead, we have reversed district courts for applying "an enhancement that duplicates a necessary element of the underlying conviction," *Basa*, 817 F.3d at 650, only where the enhancement has been rendered inapplicable by the Sentencing Commission's express directive, s*ee*, *e.g.*, *United States v. Aquino*, 242 F.3d 859, 864–65 (9th Cir. 2001) (reversing a district court's guidelines calculation applying an enhancement that duplicated an element of a § 924(c) conviction, in violation of U.S.S.G. § 2K2.4 cmt. n.2 (1998)).

In short, the focus in an impermissible double counting challenge to a district court's sentence is on the Sentencing Commission's intent, and the primary touchstone for discovering that intent is the text of the Guidelines manual.[8]

B

We now consider Joey's argument that the district court erred in calculating the Guidelines sentencing range due to

---

[8] As other courts have recognized, "double counting" is an unfortunate misnomer that can imply an error in process or arithmetic. *See United States v. Fiume*, 708 F.3d 59, 61 (1st Cir. 2013). In practice, however, a double counting error is nothing more than a garden variety error of textual interpretation—a failure to ascertain correctly the Sentencing Commission's directive. *See Smith*, 719 F.3d at 1124 (observing that the Ninth Circuit's double counting jurisprudence is an exercise in inferring the Sentencing Commission's intent). As with the interpretation of legal texts generally, our search for the Sentencing Commission's intent will most often begin and end "with the text and structure" of the Guidelines. *Cf. Alexander v. Sandoval*, 532 U.S. 275, 288 (2001).

engaging in impermissible double counting. Because a sentencing court should "consider all applicable Guidelines provisions in calculating the guidelines range for an offense," *Neal*, 776 F.3d at 660, "[a]bsent an instruction to the contrary," U.S.S.G. § 1B1.1 cmt. n.4(B), we first consider whether the Commission has expressly directed courts not to apply § 4B1.5 in calculating the Guidelines sentencing range for an offense under § 2244(a)(5) when the defendant is also convicted under § 2260A.

Joey argues that § 2A3.6 of the Guidelines constitutes such a directive, particularly in view of Application Note 3. *See Stinson v. United States*, 508 U.S. 36, 38 (1993) (holding that "commentary in the Guidelines Manual that interprets or explains a guideline" is generally "authoritative"). Section 2A3.6 provides, in pertinent part, "[i]f the defendant was convicted under . . . 18 U.S.C. § 2260A, the guideline sentence is the term of imprisonment required by statute." It also provides that "Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to any count of conviction covered by this guideline." U.S.S.G. § 2A3.6. Application Note 3 to § 2A3.6, in turn, states:

> *Inapplicability of Chapter Two Enhancement.*—If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic that is based on the same conduct as the conduct comprising the conviction under 18 U.S.C. § 2250(c) or § 2260A.

Section 2A3.6 is applicable here because the PSIR, as adopted by the district court, calculated Joey's sentence for the violations of § 2260A under that guideline, which requires the imposition of a consecutive ten-year sentence.

Joey argues that the statement in the Application Note that a court may not apply "any specific offense characteristic that is based on the same conduct as the conduct comprising the conviction" under § 2260A barred the district court from applying § 4B1.5 to his conviction under § 2244(a)(5). We disagree. For purposes of the Guidelines, "specific offense characteristics" are included in Chapter 2 of the Guidelines and are used to determine the defendant's offense level. *See* U.S.S.G. § 1B1.1(a)(2). The base offense level for a conviction under § 2244(a)(5) is calculated using § 2A3.4. The specific offense characteristics applicable to § 2244(a)(5) are set forth in § 2A3.4(b). This subsection (which is, in fact, labeled "Specific Offense Characteristics") directs the court to increase the offense level if a victim was under a specified age, *id.* §§ 2A3.4(b)(1)–(2), if the victim was in the custody, care, or supervisory control of the defendant, *id.* § 2A3.4(b)(3), if the offense involved a knowing misrepresentation of a participant's identity in order to induce sexual contact, *id.* § 2A3.4(b)(4), or if the victim was enticed over a computer, *id.* § 2A3.4(b)(5). By contrast, Chapter 4 is used to determine the defendant's criminal history category and to determine any applicable adjustments for certain repeat offenders. *See id.* § 1B1.1(a)(6). By its terms, § 4B1.5 is not labeled a specific offense characteristic, is not included among the specific offense characteristics for § 2A3.4(b), and therefore is not the sort of provision described in Application Note 3 to § 2A3.6.

The history of § 2A3.6 likewise weighs against Joey's argument. The Sentencing Commission added § 2A3.6 to the Guidelines in 2011 in response to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587. U.S.S.G. app. C amend. 701 at 210. In addition to adding § 2A3.6 to address the Adam Walsh Act's creation of 18 U.S.C. § 2260A, *id.* app. C amend. 701 at 212, the Sentencing Commission also amended § 4B1.5 to address other "relevant provisions in the Adam Walsh Act," *id.* app. C amend. 701 at 210. In implementing the Adam Walsh Act, the Commission included language in § 2A3.6 expressly instructing courts not to apply Chapter 4 when calculating the Guidelines sentencing range for § 2260A convictions, but did not preclude courts from applying § 4B1.5 when calculating the sentencing range for the offense underlying § 2260A. Given that the Commission considered what changes to § 4B1.5 were necessary to implement the Adam Walsh Act, the Commission's decision not to forbid § 4B1.5's application to offenses underlying § 2260A convictions, despite considering both §§ 2A3.6 and 4B1.5 at the same time, raises the inference that § 4B1.5 and § 2260A should be applied cumulatively to underlying offenses. Accordingly, we reject Joey's argument that § 2A3.6, or its Application Note 3, bars the application of § 4B1.5 in calculating Joey's Guidelines sentencing range for his § 2244(a)(5) convictions.

Indeed, rather than instructing courts not to apply § 4B1.5 to a conviction under § 2244(a)(5) where the defendant also incurs a § 2260A conviction, the Guidelines are better read as requiring such application. Section 5G1.2 provides specific guidance for calculating a sentence where, as here, the sentence is "to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run

consecutively to any other term of imprisonment." *Id.* § 5G1.2(a). In such a situation (subject to an exception not applicable here), the sentence "shall be determined by that statute and imposed independently" of any other term of imprisonment associated with another offense. *Id*. Application Note 2(A) to § 5G1.2(a) clarifies that (with an exception not applicable here) "the term of years to be imposed consecutively is the minimum required by the statute of conviction and is independent of the guideline sentence on any other count." Applied here, § 2260A provides that "[t]he sentence imposed under this section shall be consecutive to any sentence imposed" for the underlying offense of conviction. Therefore, § 5G1.2 requires a district court to determine the Guidelines sentencing range for the § 2244(a)(5) counts independently of the ten-year sentence for the § 2260A offense.

Nor is there any basis to infer that the Commission did not intend courts to apply § 4B1.5 because it would "increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of" § 2260A. *Smith*, 719 F.3d at 1124. Section 4B1.5 adjusts a defendant's offense level to account for the commission of a new sex crime after a prior sex crime conviction, whereas § 2260A punishes the commission of specified felonies involving a minor while being required to register as a sex offender under either federal or state law. Because sex offender registration requirements vary across jurisdictions, a defendant who had a prior sex conviction may not necessarily be subject to such a requirement. *See*, *e.g.*, Alaska Stat. § 12.63.020(a)(2) (registration obligation expires after 15 years for certain offenders); Ariz. Rev. Stat. § 13-3821(F) (registration obligation expires at age 25 for juvenile offenders); Colo. Rev. Stat. § 16-22-113(1) (offenders may

petition for termination of registration obligations after 20 years, 10 years, 5 years, or at completion of the sentence, depending on the severity of the offense).  As such, §§ 4B1.5 and 2260A serve distinct penological goals, and there is no reason to infer that the Sentencing Commission did not intend their dual application in situations like Joey's, particularly given the strong textual inferences previously discussed that support cumulative application.

Because the Guidelines do not contain any instruction that precludes a district court from applying § 4B1.5 in calculating the Guidelines sentencing range for a § 2244(a)(5) conviction where a defendant has also been convicted under § 2260A, but rather instruct district courts to determine the Guidelines sentencing range for the § 2244(a)(5) count independently of § 2260A, the district court did not procedurally err in calculating the applicable Guidelines sentencing range.[9]

**AFFIRMED.**

---

[9]  While our conclusion that the district court did not make any procedural error in calculating the Guidelines sentencing range does not foreclose the argument that application of both §§ 4B1.5 and 2260A produces a recommended sentence that is substantively unreasonable and overstates a defendant's culpability, Joey has not specifically and distinctly raised a substantive unreasonableness claim in his opening brief, and we therefore do not consider it.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).