**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30097 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00078-RMP-1 |
| v. | |
| DAN WAYNE STREETMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted May 14, 2018
Seattle, Washington

Before: BERZON, THACKER,[**] and HURWITZ, Circuit Judges.

Defendant Dan Wayne Streetman ("Appellant") appeals the combined 60-year term of imprisonment and lifetime term of supervised release that he received after pleading guilty to three counts of production of child pornography in violation of 18 U.S.C. § 2251(a). He argues that his sentence is procedurally unreasonable.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the Fourth Circuit, sitting by designation.

We disagree and affirm.

"In determining whether the district court committed procedural error, we review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Joey*, 845 F.3d 1291, 1295 (9th Cir. 2017) (quoting *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013)).

1. The district court did not procedurally err by using § 2G2.1[1] to calculate Appellant's guideline range. "As a general rule, a sentencing court should 'consider all applicable Guidelines provisions in calculating the guidelines range for an offense.'" *Id.* (quoting *United States v. Neal*, 776 F.3d 645, 660 (9th Cir. 2015)). Appellant was convicted of violating 18 U.S.C. § 2551(a), and he has conceded that § 2G2.1 applies to his convictions. Thus, the district court was obligated to consider it. The policy arguments Streetman raises against application of the Guideline might justify departure from it, but do not go to whether the Guideline is applicable. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

2. The district court also did not procedurally err by impermissibly double or triple counting in applying the multiple count adjustment (§ 3D1.4) and the pattern of activity enhancement (§ 4B1.5(b)), and imposing consecutive sentences. "[A] court must generally apply all applicable Guidelines provisions [cumulatively],

---

[1] Unless otherwise indicated, all citations to the Guidelines are to the 2016 manual, which applied at the time of Appellant's sentencing. *See Johnson v. Gomez*, 92 F.3d 964, 968 (9th Cir. 1996).

2

regardless whether the same act triggers multiple provisions." *Joey*, 845 F.3d at 1295. In determining whether to depart from the rule, "we first consider whether the Commission has expressly directed courts not to apply" the provisions together. *Id.* at 1297. Appellant has failed to point to any such guidance, and we can find none. We next consider whether there is a "basis to infer that the Commission did not intend courts to apply" the provisions cumulatively. *Id.* at 1299. If the provisions "serve distinct penological goals," then "there is no reason to infer that the Sentencing Commission did not intend their dual application." *Id.*

Here, § 3D1.4, § 4B1.5(b), and consecutive sentences all serve distinct penological goals. The multiple count adjustment "accomplishes the Guidelines' overall objective of providing 'incremental punishment for a defendant who is convicted of multiple offenses.'" *Neal*, 776 F.3d at 661 (quoting *United States v. Watts*, 519 U.S. 148, 154 (1997)). Multiple offenses do not necessarily overlap with a "pattern of activity," as all counts could correspond to one incident, or could cover distinct offenses that together do not constitute a "pattern of activity" under § 4B1.5(b). *See* U.S. Sentencing Guidelines Manual, § 4B1.5 cmt. n.4(B)(i). And although § 3D1.4 and § 4B1.5(b) *increase* Streetman's offense level, § 5G1.2 -- which here dictates consecutive sentences -- simply "specifies the *procedure* <u>for determining the specific sentence . . . [for] each count in a multiple-count case.</u>" *Id.* § 5G1.2 cmt. n.1 (emphasis added). Its application does not increase Streetman's

offense level. *See United States v. Archdale*, 229 F.3d 861, 870 (9th Cir. 2000) (determining that imposition of consecutive sentences for non-grouped offenses under § 3D1.2 and § 5G1.2(d) was proper). Moreover, sufficient facts in the record support the district court's separate application of § 4B1.5(b) and § 3D1.4 as well as its imposition of consecutive sentences. There were multiple victims, multiple incidents, and multiple counts as reflected in the indictment, the plea colloquy, the presentence report, and the factual basis contained in the plea agreement. Further, the presentence investigation report reflects that Appellant previously sexually abused victims other than those involved here.

**AFFIRMED.**