**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE MARTIN AGUILAR,

Defendant-Appellant.

No.    18-30059

D.C. No.
2:16-cr-00036-TOR-9

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted June 4, 2019[**]
Seattle, Washington

Before:  D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Jose Martin Aguilar (Aguilar) appeals the district court's judgment imposing

a sentence of 324 months' custody following his conviction for conspiracy to

distribute 500 grams or more of methamphetamine.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review a district court's interpretation of the United States Sentencing Guidelines (Guidelines) *de novo*, its factual findings for clear error, and its application of the Guidelines to the facts of the case for abuse of discretion." *United States v. McCarns*, 900 F.3d 1141, 1143 (9th Cir. 2018) (citation omitted). The government bears the burden of establishing the facts in support of an enhancement by a preponderance of the evidence. *See United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017), *as amended*.

In reviewing the substantive reasonableness of a sentence, we afford significant deference to the district court's consideration of the factors set forth in 18 U.S.C. § 3553(a), including the applicable Guidelines range. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1043-44 (9th Cir. 2017) (en banc). We will reverse the sentence only if the court abused its discretion by applying an incorrect legal rule or "if the sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* (citation and internal quotation marks omitted). We review *de novo* any claimed Eighth Amendment violation. *See United States v. Pollard*, 850 F.3d 1038, 1041 (9th Cir. 2017).

Aguilar asserts that the district court improperly double-counted his possession of a gun to support a two-point enhancement for use of violence, under

§ 2D1.1(b)(1) of the Guidelines, and separate two-point enhancement for possession of a dangerous weapon, under § 2D1.1(b)(2). The district court did not err in its application of the enhancements because a sentencing court "must generally apply all applicable Guidelines provisions, regardless whether the same act triggers multiple provisions." *United States v. Joey*, 845 F.3d 1291, 1295 (9th Cir. 2017). The Guidelines expressly contemplate that the enhancements in §§ 2D1.1(b)(1) and (b)(2) "may be applied cumulatively." U.S.S.G. § 2D1.1 cmt. 11(B).

Nor did the district court clearly err when it overruled Aguilar's objection that "no testimony" established that he imported methamphetamine into the United States, or that he knew of the methamphetamine's Mexican origin. The record contains unrebutted evidence that the drugs originated from Mexico, and that Aguilar "manag[ed] the meth that was coming from Mexico and sen[t] the money back to Mexico," at one point importing the drugs himself. *See United States v. Biao Huang*, 687 F.3d 1197, 1206 (9th Cir. 2012) (affirming the application of a sentencing enhancement for importing methamphetamine where evidence demonstrated that defendant sold the drugs in partnership with a co-defendant who knew that the drugs were from China).

Aguilar failed to meet his burden to show that his sentence was substantively unreasonable. *See United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc), *as amended* (noting that relief on the basis of substantive unreasonableness is rare). The district court imposed the lowest sentence within his Guidelines range. Before doing so, the court considered Aguilar's limited criminal history, and the factors enumerated in 18 U.S.C. § 3353(a) underlying the sentence, including the use of violence in furtherance of the conspiracy, Aguilar's leadership role in the operation, and any potential sentencing disparity. *See Gall v. United States*, 552 U.S. 38, 55-56 (2007) (referencing remarks addressing sentencing disparity from the government as satisfying the court's obligation to consider this factor). Under these circumstances, the sentence imposed was substantively reasonable. *See United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) ("When a district judge has considered the § 3553(a) factors and the totality of the circumstances supports the sentence, we have held that the sentence is substantively reasonable . . .").

Finally, Aguilar's sentence, which was below the statutory maximum and at the lowest end of the Guidelines range, does not violate the Eighth Amendment, as it is not "grossly disproportionate" to the crime. *United States v. Barajas-Avalos*, 377 F.3d 1040, 1061 (9th Cir. 2004), *as amended*, (concluding that a low-end

4

Guidelines sentence of 360 months' imprisonment for conspiracy and attempt to manufacture methamphetamine was not grossly disproportionate to the crime or in violation of the Eighth Amendment, even though defendant had only one prior misdemeanor).

**AFFIRMED.**