NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7066 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-01065-TWR-1 |
| v. | |
| ANNA RABON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted September 17, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.
Concurrence by Judge LEE.

Anna Rabon appeals her sentence for violating the conditions of her probation from the Southern District of California, arguing that the district court erred in failing to calculate her probation revocation range, failing to calculate her underlying offense range, and failing to explain its reasons for varying from the ranges. We reverse and remand for sentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the district court's sentence for plain error because Rabon did not adequately preserve her objection before the district court. *See United States v. Hackett*, 123 F.4th 1005, 1010-11 (9th Cir. 2024). Under, Federal Rule of Criminal Procedural 52(b) a "plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Although the Sentencing Guidelines are merely advisory," *United States v. Joey*, 845 F.3d 1291, 1295 (9th Cir. 2017) (citing *United States v. Booker*, 543 U.S. 220, 245 (2005)), "[a] mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing," *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam).

The district court's failure to calculate the underlying offense range, failure to consider the probation revocation range, and failure to explain its departure from these ranges constituted plain error. First, at the November 2024 sentencing hearing, the district court misstated the applicable range for Rabon's underlying offense at 57 months, despite finding at the original December 2023 sentencing hearing that the applicable range was 37-46 months. Second, the district court failed to announce and consider the applicable 3-9 month probation revocation

2

guidelines under Chapter 7 at sentencing. We are not persuaded by the government's argument that the Violation Report's existence alone, without any other reference to the guidelines in the record, is adequate to establish that the district court considered the guidelines. Third, the district court failed to explain whether sentencing Rabon to 24 months in custody was a variance upward from the 3-9 month probation revocation range or a variance downward from the 37-46 month underlying offense range. On remand, the district court may consider clarifying the two relevant guidelines and articulating its rationale for the sentence.

Under the circumstances, with the basis of the district court's sentencing sufficiently ambiguous, we conclude that there is a "reasonable probability" that the outcome of the sentencing would have been different if the guideline ranges were properly calculated and articulated. *Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018). While it is true that the ultimate sentence fell between the probation revocation range and the underlying offense range, without discussing the correct guideline ranges on the record, it is difficult to discern the district court's intentions.

Accordingly, we hold that these errors affected Rabon's substantial rights and constituted plain error. Rabon's sentence is vacated, and this case is remanded for resentencing.

**SENTENCE VACATED; REMANDED.**

FILED

OCT 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

No. 24-7066, *United States v. Rabon*
LEE, Circuit Judge, concurring.

I agree with the majority that we should vacate the sentence and remand for resentencing but for a slightly different reason. Based on the record, I believe we can reasonably infer that the district court relied on the underlying offense range, not the probation revocation range, in sentencing her to 24 months. *See United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009) ("adequate explanation in some cases may also be inferred from the PSR or the record as a whole"). But the district court erroneously stated that the low range of the underlying offense was 57 months when in fact it was 37 months. I would thus remand for resentencing.